IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-00109-WS-N |
| SARAH STEWART, | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff Wendy Williams has filed the above-styled and -numbered action pursuant to 28 U.S.C. § 1983, which is currently before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for initial screening. (*See* Doc. 1, compl.) She has also filed a motion to proceed *in forma paurperis* (Doc. 2).

It is the undersigned's recommendation that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*

In 2009, Plaintiff Williams barraged this Court with § 1983 actions. (*See* 09-00054-KD-C, *Williams v. Hardesty*; 09-00086, *Williams v. City of Mobile*; 09-00106,

*Williams v. Matt*; 09-00130-CB-N, *Williams v. Mobile Cnty. Sheriff Dep't*; 09-00132-KD-N, *Williams v. Henry*; 09-00215-KD-B, *Williams v. Mobile Police Dep't*; 09-00276-CB-C, *Williams v. Aerospace*.) Although several of those actions were dismissed without prejudice for failure to prosecute, four actions were dismissed, pursuant to § 1915(e)(2)(B), as either frivolous or for failure to state a claim upon which relief may be granted. (*See* 09-00054-KD-C, Docs. 17, 20, 21 (adopting Magistrate Judge's recommendation that complaint be dismissed pursuant to § 1915(e)(2)(B)(i), (ii), (iii)); 09-00086-CG-N, Docs. 12, 17, 18 (adopting Magistrate Judge's recommendation that complaint be dismissed pursuant to § 1915(e)(2)(B)(ii)); 09-00132-KD-N, Docs. 17, 22, 23 (adopting Magistrate Judge's recommendation that complaint be dismissed pursuant to § 1915(e)(2)(B)(i)); 09-00215-KD-B, Docs. 22, 24, 25 (adopting Magistrate Judge's recommendation that complaint be dismissed pursuant to § 1915(e)(2)(B)(i)) Thus, Williams clearly has the dismissals that qualify her current complaint for treatment under § 1915(g). *See, e.g., Broadhead v. Givens*, No. CA 13–257–WS–N, 2013 WL 3808050, at *1 (S.D. Ala. July 22, 2013); *Broadhead v. Walls*, No. CA 13–190–CB–N, 2013 WL 3833071, at *1 (S.D. Ala. July 24, 2013).

Further, Williams is not entitled to utilize the exception contained in § 1915(g) as she has neither shown nor alleged in her complaint that she is under imminent danger of serious injury. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time). In order to satisfy the exception

to § 1915(g), plaintiff "must allege and provide *specific* fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, CA No. 06–0496–CG–M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (Granade, J.) (quotation and quotation marks omitted and emphasis added). Williams has not done this. Thus, there is no allegation of such imminent harm.

Because she cannot avail herself of § 1915(g)'s exception, and on account of her failure to pay the $350.00 filing fee at the time she filed this action, her complaint is due to be dismissed without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002).

It is therefore **RECOMMENDED** that the above-styled and -numbered action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 12th day of March, 2014.

                                            */s/ Katherine P. Nelson*
                                            **KATHERINE P. NELSON**
                                            **UNITED STATES MAGISTRATE JUDGE**