# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| WENDY WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION 14-0109-WS-N |
| | ) |
| SARAH STEWART, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter comes before the Court on plaintiff Wendy Williams' Prisoner Consent Form on Appeal (doc. 10). In that document, Williams, an Alabama prisoner proceeding *pro se*, expresses her desire to proceed on appeal *in forma pauperis*. Even though she has not filed a separate IFP motion on appeal, the Court liberally construes her Prisoner Consent Form as a motion to proceed on appeal without prepayment of costs.

On March 18, 2014, the undersigned entered an Order (doc. 5) and Judgment (doc. 6) adopting the Magistrate Judge's Report and Recommendation (doc. 3), and dismissing this prisoner § 1983 action without prejudice pursuant to 28 U.S.C. § 1915(g). On March 27, 2014, Williams filed a Notice of Appeal (doc. 7) from the March 18 Order and Judgment.

Now, Williams seeks leave to pursue her appeal without prepayment of fees and costs. Even if a petitioner is economically eligible, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *See United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953) ("in

good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).

The Magistrate Judge's Report and Recommendation observed that Williams has "barraged this Court with § 1983 actions" in the past, and that at least four of those prior actions had been dismissed either as frivolous or for failure to state a claim upon which relief may be granted. As such, the Magistrate Judge concluded that Williams' present action falls squarely within the provisions of 28 U.S.C. § 1915(g), which generally forbids a prisoner from bringing a civil action or appeal *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g). Williams' Complaint lacking specific fact allegations suggesting the presence or imminent likelihood of serious physical injury, the Magistrate Judge recommended that it be dismissed without prejudice. The March 18 Order and Judgment adopted the Report and Recommendation in full, and dismissed the Complaint without prejudice.

Because this Court has found that Williams' efforts to proceed *in forma pauperis* in this action are barred by operation of the three-strikes provisions of § 1915(g), she may not proceed on appeal without prepayment of fees and costs. Moreover, she is not permitted to pay the filing fee in installments. *See, e.g., Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) ("The **only** exception to section 1915(g) is if the frequent filer prisoner is under imminent danger of serious injury.") (emphasis added and internal quotation marks omitted); *Pinson v. Grimes*, 2010 WL 3096147, *2 (11th Cir. Aug. 9, 2010) (explaining that § 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals"); *Simmons v. Zloch,* 2005 WL 2952352, *2 (11th Cir. Nov. 5, 2005) ("Simmons's argument that § 1915(b)(4) allows him to avoid § 1915(g) or pay the filing fee in installments after filing a complaint is without merit.").

In light of the foregoing considerations, Williams' motion to proceed on appeal *in forma pauperis*, so construed from her Prisoner Consent Form on Appeal (doc. 10), is **denied**. Given Williams' status under the "three-strikes" provision of 28 U.S.C. § 1915(g), if she wishes to proceed on appeal, she must prepay the entire filing fee.

DONE and ORDERED this 7th day of May, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE